**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>LARRY KENNETH BOWMAN JR<br><br><br><br>Debtor | CASE NO: 23-02337-EG<br><br>(CHAPTER 13)<br><br><br>OBJECTION TO PLAN FILED ON<br>AUGUST 15, 2023 |

      The Chapter 13 Trustee hereby formally objects to the Debtor's plan, filed August 15, 2023, and any other subsequently filed plans which do not meet the standards as indicated below. This objection should be considered to supplement any previously stated and written informal objection. Trustee objects on the grounds that the plan fails to meet the requirements of the code, as follows:

      Trustee objects to the payment of adequate protection to creditors to sell the Debtor's residence, which the Schedules report to have no equity above liens.  The adequate protection payments proposed while the house is marketed, particularly for judgment lienholders who have not negotiated payments an would only expect payment if the property is sold, causes housing costs that are substantially but artificially inflated, and are not anticipated throughout the case.  These costs are not reasonably necessary for the maintenance and support of the Debtor and his dependents and should be removed as expenses on both the Statement of Current Monthly Income and Schedule J.  Trustee asserts that the monthly net income on the Statement of Current Monthly Income should be $3,673.81 higher, to reflect the reasonable housing costs per the IRS guidelines, so that the Monthly Disposable Income on that report should be $3,819.90, not the $146.09 as reported.  The Trustee does not object to the Debtor attempting to sell the property but the time to sell should be limited to 6 months from date of petition, the Debtor should be prohibited from selling if he has to pay funds at closing except from exempt assets, and if the property is sold for more than scheduled, any amount above exemptions should be turned over to the Trustee in addition to the payments.  Trustee is informed and believes that after allowance of a reasonable housing cost, the Trustee payments should be at least $3,800.00 per month, not $350.00 as proposed.   If the Debtor files an amended Plan that does not retroactively increase the payments, Trustee seeks proof in bank records that the Debtor actually paid the adequate protection payments during the previous months.

      Trustee is informed and believes that the liquidation value of the estate is at least $45,487.00 to include all assets originally scheduled; the Plan provides only $16,809.00 to the unsecured creditors.  Trustee is informed and believes that the Debtor did not disclose the following vehicles on his original schedules, but which were listed as collateral for loans obtained in September and December of 2022, after the most recent previous case was dismissed, but before this third bankruptcy case was filed.  Debtor discloses no vehicles on his original schedules, but Auto Money and First National claims show liens on the following:  67 Chevy Nova, 61 Chev Impala, 73 Chev Camaro, 1955 Chev Belair, 61 Chev

and 69 Chev Camaro.   The Debtor also failed to list these debts.    The failure to disclose all assets  and all liabilities is indicia of the lack of good faith of the Debtor.

   Trustee is informed and believes that the Debtor has prepared but had not yet filed Amended Schedules to correct the above nondisclosures; Trustee reserves the right to further object after perfected schedules and statements are filed.

WHEREFORE, the Trustee prays that the Court deny confirmation of the plan.

FURTHER, Trustee asserts that the above has caused delay which could be prejudicial to creditors.

PLEASE TAKE NOTICE that unless the above is timely cured, the Trustee intends to ask for dismissal at Confirmation Hearing. Trustee further requests that if the above issues are cured, but the plan is not confirmable for any other reason, because additional documents, trustee payments, or plan are required, that the court consider dismissal of the case at
confirmation hearing, pursuant to 11 U.S.C. §1307(c).

Dated: October 26, 2023

/s/ James M. Wyman

James Wyman, Trustee Dist Ct ID 5552
Beth Renno, Staff Attorney Dist Ct ID 5627
PO Box 997
Mt. Pleasant, SC  29465-0997
Phone: (843) 388-9844
Fax: (843) 388-9877
Email: 13office@charleston13.com

### CERTIFICATE OF SERVICE

I did this date serve the attached document(s) on the parties listed below by placing the same in the United States mail with proper postage affixed thereto and addressed as follows:

LARRY KENNETH BOWMAN JR
212 THOMASTON AVE
SUMMERVILLE, SC  29485

GAFFNEY LAW FIRM PA
PO BOX 3966
WEST COLUMBIA, SC  29171

| | |
|---|---|
| Dated: <u>October 26, 2023</u> | <u>/s/ Russell Jackson, II</u><br>Russell Jackson, II<br>PO Box 997<br>Mt. Pleasant, SC  29465-0997<br>Phone: (843) 388-9844 x 312<br>Fax: (843) 388-9877<br>Email: 13office@charleston13.com |